UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| v. | §    Case No. 17-cr-0046 (RBW) <br> § |
| KASSIM TAJIDEEN and <br> IMAD HASSOUN, | § <br> § <br> § |
| Defendants. | § <br> § |

**DEFENDANT KASSIM TAJIDEEN'S
OBJECTION TO AFFIDAVIT OF PATRICK PICCIANO**

Defendant Kassim Tajideen hereby objects to any use or consideration of the affidavit of Special Agent Patrick Picciano. The government filed the affidavit on February 9, 2018. ECF No. 81. It did so in opposition to Mr. Tajideen's motion for pretrial release and in response to this Court's order for sworn testimony addressing the alleged existence of a $20 million bounty to liberate Mr. Tajideen when he was detained in Morocco. ECF No. 79. The affidavit provides little more than what the government provided previously – a hearsay report of what a confidential source told Special Agent Picciano that is both uncorroborated and so lacking in basic detail that it cannot be meaningfully evaluated. It "does not rise to the required level of reliability" for use in a pretrial detention proceeding. *United States v. Accetturo*, 783 F.2d 382, 389 (3d Cir. 1986).

The affidavit does not provide the name of the witness (CS-1) who provided the information it describes, nor does it identify the witness's nationality or native language. It does not state how this source obtained the alleged information (*i.e.*, whether he/she obtained it from another source rather than firsthand or from layers of other sources and accumulations of rumors).

The affidavit similarly does not identify by name any of the other persons to whom it refers, much less any of the individuals involved in the alleged release effort. Nor does it describe *how* these unnamed individuals sought or intended to obtain Mr. Tajideen's release. The affidavit does not specify whether these persons sought to obtain his release via lawful advocacy through "contact with Moroccan officials" or whether they plotted a fanciful jail break. The affidavit does not even state that Mr. Tajideen himself knew about – much less had any involvement in – any of the alleged efforts to secure his release.

Finally, the affidavit does not indicate that the government corroborated any of its information about these alleged efforts.[1] This is particularly problematic given that the alleged efforts appear never to have come to fruition. No jail break was attempted. The government is asking the Court to detain Mr. Tajideen on the basis of uncorroborated information provided by an unidentified source about vague plans by unidentified persons that appear never to have been executed.

It is well settled that a district court may <u>not</u> "detain a defendant by arbitrarily crediting an unpersuasive government proffer." *United States v. Defede*, 7 F. Supp. 2d 390, 394 (S.D.N.Y. 1998); *see also United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (the court "retains the responsibility for assessing the reliability and accuracy of the government's information, whether presented by proffer or by direct proof"). "The stakes in pretrial detention are too high." *Defede*, 7 F. Supp. 2d at 394.

In this regard, "when the evidence proffered is the uncorroborated statement(s) of one or two police officers who allegedly observed a single act committed by the defendant, and when there is no other evidence proffered in support of the eyewitness testimony, the Court should

---

[1] While the affidavit states that Agent Picciano and his colleagues corroborated "various pieces" of information supplied by the witness in their one of year of work with him or her, it does not state whether they corroborated any of the particular information contained in the affidavit.

consider the proffer with great care and accord it limited weight." *United States v. Hammond*, 44 F.Supp.2d 743, 746 (D. Md. 1999). Such "evidence is weak because it is uncorroborated." *Id.*

Agent Picciano's affidavit is the very kind of "weak" and "uncorroborated" proffer upon which a district court cannot rely to order detention. It is worse by orders of magnitude than the written statement that the *Hammond* court rejected. Whereas the rejected statement in *Hammond* was based on a police officer's firsthand, eyewitness observations, Agent Picciano had no personal knowledge of the information contained in his affidavit. It came from an unnamed source who purported to have heard the information in some unidentified way and who reported it to the DEA, through an interpreter, in response to a request for information from his or her DEA handler. For these reasons, the Court should not consider the affidavit and should order Mr. Tajideen released on the conditions described in the motion. .

If the Court overrules this objection and will consider the affidavit, Mr. Tajideen intends to examine Agent Picciano at the February 16 hearing. *See Hammond*, 44 F.Supp.2d at 746 ("Before entering any order of detention in such a case, the judicial officer should require the government to present live testimony able to withstand confrontation, long- and well-recognized as the greatest legal engine ever invented for the discovery of truth") (quotation omitted). The government has indicated that Agent Picciano will be available.

Further, to the extent the Court considers Special Agent Picciano's affidavit and/or any testimony he provides at the hearing, Mr. Tajideen requests an order compelling the government to produce in advance of the hearing material that is relevant to the accuracy of the affidavit. *See United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000) (explaining that, when the government proceeds by proffer, the court has discretion to "insist[] upon the production of the underlying evidence or evidentiary sources where their accuracy is in question" (internal

quotation marks and citation omitted)). In particular, the government should be required to produce:

1. All records – including any recordings, reports, transcripts, notes and/or summaries – of CS-1's statements to Special Agent Picciano regarding the subjects addressed in the affidavit.

2. All *Jencks* material pertaining to Special Agent Picciano.

3. All *Giglio* material pertaining to CS-1 and/or Special Agent Picciano.

4. All other *Brady* information pertaining to the subjects addressed in the affidavit.

By letter to the government dated February 9, 2018, the defense requested any and all documents relating to the subject matter of the government's then-forthcoming affidavit, and the government has yet to respond.

WHEREFORE, Mr. Tajideen objects to any use or consideration of Agent Picciano's affidavit and asks the Court to strike it. In the alternative, Mr. Tajideen requests an order compelling the government to produce the material specified above by close of business on Wednesday, February 14, 2018.

Dated: February 13, 2018                                    Respectfully submitted,


/s/ Eric R. Delinsky
William W. Taylor, III (D.C. Bar No. 84194)
Eric R. Delinsky (D.C. Bar No. 460958)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com

Paul G. Cassell (Utah Bar No. 6078)
S.J. Quinney College of Law, Univ. of Utah[2]

---

[2] This address is provided for identification and contact purposes only and is not intended to imply institutional endorsement for this private representation.

383 S. University Street
Salt Lake City, UT 84112-0730
Tel: (801) 585-5202
Fax: (801) 585-2750
E-mail: cassellp@law.utah.edu

*Attorneys for Defendant Kassim Tajideen*
