UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. 17-CR-46 (RBW)** |
| : | |
| **KASSIM TAJIDEEN,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S OPPOSITON TO DEFENDANT'S
## MOTION REGARDING CONDITIONS OF CONFINEMENT

The United States, by and through the undersigned attorneys, respectfully submits this response to defendant's March 28, 2018, Motion for Relief (ECF No. 126), as directed by the Court. *See* Minute Order of April 17, 2018 ("In light of defendant Tajideen's Motion for Relief, ECF No. 126, and in order to ensure the expeditious resolution of that motion, it is hereby ORDERED that the government shall file a response to the defendant's motion on or before April 20, 2018.").

The defendant seeks relief, in the form of an order, regarding the conditions under which he is detained pending trial. Specifically, the defendant asks this Court to order that: (1) the defendant "shall be seen by a doctor once per week to monitor his weight, blood pressure, heart rate, and cholesterol" and "the doctor shall undertake any other medical monitoring or procedures that are necessary to ensure [the defendant's] health;" (2) the defendant "shall be seen by a qualified dentist who can repair his missing front teeth;" (3) to ensure the defendant has "protein, other than beans and potatoes, consistent with his Halal diet, [the defendant] shall be provided with seafood as part of his meals at least once per day" and his counsel "shall also be allowed to arrange for Halal meals to be delivered to him and, if necessary, will arrange to provide seafood for his meals;" and (4) "[i]n the event the telephone system available to [the

defendant] does not allow [him] to place calls to his family in Lebanon on any given day, [the defendant] shall be provided a thirty-minute opportunity, on the day in which the problem occurs, to telephone his family in Lebanon from an office phone within the detention facility."

Although it is unclear from the defendant's filing, the government presumes that the defendant is asking this Court to order the Rappahannock Regional Jail ("the jail"), where the defendant is detained, to provide the accommodations that he describes in his proposed order. *See* Order of April 3, 2017, ECF No. 15 (ordering the jail to conduct a physical examination of defendant and provide medical treatment as necessary). However, apart from a citation to a Supreme Court decision noting that pretrial detention is regulatory, not penal, the defendant provides no legal argument as to why he is entitled to the accommodations contemplated by his proposed order. Mot. 1 (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

As an initial matter, the government agrees that all defendants should be provided with adequate medical care and an appropriate diet. The government believes, however, that the defendant's proposed accommodations constitute special treatment; and, based on information provided to the government from the United States Marshals Service ("USMS") and officials at the jail, the defendant is not entitled to such treatment.  For example, it does not appear that there is any basis for the jail to provide the defendant with weekly appointments with a doctor. In addition, although the jail provides dental care to detained defendants, the defendant's particular request regarding tooth repair is not within the scope of what the jail would typically provide. Moreover, regarding the defendant's desire for seafood, the jail has informed the government that seafood is not available to any detained defendant, because seafood is simply not included in the jail's contract for food.

The government maintains that the determination whether to provide certain accommodations is best left to the officials of the jail and USMS. The jail and the USMS have advised the government that they have determined that none of the proposed accommodations are warranted.  In particular, regarding the defendant's interest in having counsel deliver food to him and having access to an office phone within the jail, the jail has also informed the government that these accommodations raise significant security concerns.

For these reasons, the government would object to an order providing for the requested accommodations.[1]

---

[1] The government would also object to any accommodation that would permit the defendant to engage in telephone or other communications that would, in the ordinary course, be subject to monitoring and recording. According to information provided by the jail, although the defendant had complained about his ability to communicate by phone with persons abroad, that issue has since been resolved.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:         /s/
Luke M. Jones, VA Bar 75053
Thomas A. Gillice, D.C. Bar No. 452336
Maia Miller, VA Bar No. 73221
Assistant United States Attorneys
Jacqueline L. Barkett, NY Bar No. 5424916
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street NW
Washington, D.C. 20530
(202) 252-1791
Luke.jones@usdoj.gov
thomas.gillice@usdoj.gov
maia.miller@usdoj.gov
jacqueline.l.barkett@usdoj.gov

Joseph Palazzo, MA Bar No. 669666
Trial Attorney
Money Laundering and Asset Recovery
   Section, Criminal Division
United States Department of Justice
1400 New York Avenue NW, 10th Floor
Washington, D.C. 20005
(202) 598-2358
joseph.palazzo@usdoj.gov

Dated: April 20, 2018

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of this filing was served upon counsel for the Defendant, this 20th day of April, 2018, through the Court's electronic filing system.

        /s/
Luke M. Jones
Assistant United States Attorney

4