## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| KASSIM TAJIDEEN, | : | |
| also known as | : | |
| HAJ KASSIM, BIG HAJ, BIG BOSS, | : | Case No. 1:17-CR-00046 (RBW) |
| QASIM TAJIDEEN, QASSIM TAJIDEEN, | : | |
| KASSEM TAJIDEEN, KASSIM TAJ ALDINE, | : | |
| KASSIM TAJ ALDIN, KASSIM TAJ AL-DIN, | : | |
| KASSIM TAJ AL-DINE, and | : | |
| KASSIM TAJADIN, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO SEVER THE CONSPIRACY TO DEFRAUD

The United States of America, by and through the undersigned attorneys, respectfully

opposes Defendant's Motion to Sever the Conspiracy to Defraud, filed on May 11, 2018, ECF No.

149. In support of its opposition, the government relies on the points, authorities, and arguments

cited in the accompanying memorandum, as well as any others that may be raised at any hearing on

this matter.


Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845


By:      /S/
Luke M. Jones, VA Bar #75053
Thomas A. Gillice, D.C. Bar #452336
Maia Luckner Miller, VA Bar #73221
Karen P. Seifert, NY Bar #4742342
Assistant United States Attorneys
Jacqueline L. Barkett, NY Bar #5424916

Special Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street NW, 11th Floor
Washington, D.C.  20530
(202) 252-1791
luke.jones@usdoj.gov
thomas.gillice@usdoj.gov
maia.miller@usdoj.gov
karen.seifert@usdoj.gov
jacqueline.l.barkett@usdoj.gov


And

DEBORAH CONNOR
ACTING CHIEF

By:      /S/
        Joseph Palazzo, MA Bar #669666
        Trial Attorney
        Money Laundering and Asset Recovery
         Section, Criminal Division
        United States Department of Justice
        1400 New York Avenue NW, 10th Floor
        Washington, D.C.  20005
        (202) 514-1263
        joseph.palazzo@usdoj.gov

Dated: June 1, 2018

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| KASSIM TAJIDEEN, | : | |
| also known as | : | |
| HAJ KASSIM, BIG HAJ, BIG BOSS, | : | Case No. 1:17-CR-00046 (RBW) |
| QASIM TAJIDEEN, QASSIM TAJIDEEN, | : | |
| KASSEM TAJIDEEN, KASSIM TAJ ALDINE, | : | |
| KASSIM TAJ ALDIN, KASSIM TAJ AL-DIN, | : | |
| KASSIM TAJ AL-DINE, and | : | |
| KASSIM TAJADIN, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER THE CONSPIRACY TO DEFRAUD

Count One of the superseding indictment charges the defendant, Kassim Tajideen, pursuant to 18 U.S.C. § 371, with conspiring (a) to commit an offense against the United States, that is, a criminal violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and (b) "to defraud the United States Government by interfering with and obstructing a lawful government function." Superseding Indictment ("Indictment"), ECF No. 89, ¶¶ 1-41. The latter portion of the Count One conspiracy—that is, the conspiracy to defraud the government—is known as a *Klein* conspiracy. *See id.* ¶ 17(b); *see also United States v. Klein*, 247 F.2d 908 (2d Cir. 1957). The indictment also charges the defendant with substantive violations of IEEPA (Counts 3-7, 9-10) and conspiracy to commit money laundering (Count 11).

In his motion, the defendant asks this Court to sever the *Klein* conspiracy from his trial on the remaining charges, or, in the alternative, to sever Count One entirely. Defendant's Motion ("Mot.") 1, ECF No. 149. Severance under Federal Rule of Criminal Procedure 14 is discretionary, and a defendant seeking severance faces a heavy burden. *See, e.g.*, *United States v. Gooch*, 665

F.3d 1318, 1336 (D.C. Cir. 2012) (affirming denial of motion to sever counts).  Here, the defendant claims that severance is necessary because, in his view, (1) there will be "virtually no overlap" in the evidence that the government uses to prove the *Klein* conspiracy and the government's evidence proving the other charges, and (2) absent severance, he will suffer "devastating" prejudice, because a trial on the *Klein* conspiracy would inevitably involve evidence regarding the defendant's alleged ties terrorism.  Mot. 1.  These claims are erroneous and the defendant's argument for severance is without merit.

The defendant's claim regarding the lack of overlap in evidence appears to be based on a fundamental mischaracterization of the evidence the government will introduce to establish the *Klein* conspiracy, which is broader than the defendant describes.  In fact, the evidence proving the *Klein* conspiracy will overlap *entirely* with certain evidence of the defendant's willfulness in violating IEEPA.  Further, as to the purported prejudice, none of the charges against the defendant—including the *Klein* conspiracy—requires the government to present any evidence regarding terrorism, and, as previously noticed, the government *does not intend* to present any such evidence in its case.  The purported prejudice is thus illusory.  Moreover, though the defendant suggests that *he* may wish to raise the issue of terrorism in defending against the *Klein* conspiracy, and that his raising the issue would substantially prejudice his defense against the other charges, he has nonetheless failed to meet the high burden to establish a basis for severance on such grounds.[1]

In sum, as in previous motions, the defendant has raised the specter of the government's introduction of terrorism-related evidence as a basis for relief.  Unsuccessful in those endeavors,

---

[1] The defendant has complained generally that the introduction of any evidence involving the defendant's connection to terrorism is unduly prejudicial in his case as a whole because he is not charged with a terrorism-related offense. Severance would not now remedy this complaint.

the defendant now alleges prejudice that does not exist and suggests—without any showing of necessity—that he now must introduce evidence related to his alleged connection to terrorism in order to mount a defense.  On close inspection, these claims are manufactured, and the only purpose served by severance would be to impede the progress of a fair and expeditious trial.

## BACKGROUND

*Factual Background and Indictment*

On May 27, 2009, OFAC designated the defendant as a person whose property and interests in property were blocked pursuant to Executive Order 13224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism").  *See* 74 Fed. Reg. 26,475 (June 2, 2009) (Federal Register publication of OFAC's designation of the defendant as a specially designated global terrorist ("SDGT"), a type of specially designated national ("SND")).  Among other consequences of this designation, it was thereafter generally a violation of the regulations of the Treasury Department's Office of Foreign Assets Control ("OFAC") for United States persons to engage in transactions with the defendant without a license from OFAC or for the defendant or anyone else to cause them to do so.  *See* 31 C.F.R. §§ 594.201, 594.204 (Global Terrorism Sanctions Regulations ("GTSR")). In addition, "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of" such a violation of OFAC regulations was thereafter subject to criminal penalties under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705.

Persons such as the defendant, who are designated by OFAC, "may seek administrative reconsideration of his . . . designation . . . or assert that the circumstances resulting in the designation no longer apply, and thus seek to have the designation rescinded pursuant to [certain]

administrative procedures." 31 C.F.R. § 501.807.  Beginning in 2010, the defendant, through counsel, sought administrative reconsideration of his designation and, as part of that process, voluntarily submitted material to OFAC, including material submitted in response to follow-up requests from OFAC.  On September 4, 2015, OFAC notified the defendant, through counsel, that his petition was denied.  On January 13, 2016, the defendant submitted another delisting petition to OFAC, but he withdrew that petition on May 4, 2017, before OFAC had made a final determination.

Count One of the indictment charges the defendant under 18 U.S.C. § 371, and alleges that, beginning in 2009, the defendant and others conspired:

> (a) to commit an offense against the United States, that is, to conduct transactions and cause U.S. persons to conduct transactions with an SDGT, without having first obtained the required licenses from OFAC . . . ; and
>
> (b) to defraud the United States Government by interfering with and obstructing a lawful government function, that is, the enforcement of laws and regulations prohibiting dealing with SDGTs or in blocked property without having first obtained the required licenses from OFAC, by deceit, craft, trickery, and dishonest means . . . ."

Indictment ¶ 17(a)-(b).  Count One then lays out the objects of the conspiracy:

> A. to continue to transact business with U.S. persons despite the legal prohibition against such transactions imposed by the U.S. Government;
>
> B. to continue to receive financial profits and other benefits of goods and services from U.S. persons, in spite of the legal prohibition imposed by the U.S. Government;
>
> C. to conceal from U.S. persons and mislead the U.S. government, including OFAC, that [the defendant] continued to benefit from business transactions conducted with U.S. persons; and
>
> D. to evade and to cause others to evade or violate the regulations, prohibitions, and licensing requirements of IEEPA, Executive Order 13224, and the GTSR.

Indictment ¶ 19.  Thereafter, the indictment describes the manner and means of the Count One conspiracy—including descriptions of the defendant's international business empire, his willful

violations of OFAC sanctions, and his efforts to conceal his unlawful conduct. *Id.* ¶ 20-23.  Also included in the indictment is a list of dozens of overt acts in furtherance of the Count One conspiracy, including the defendant's misleading or false statements in connection with his delisting petitions, activity related to unlawful transactions (such as wire transfers and shipments), and statements to U.S. persons. *Id.* ¶ 25-41.

As to the defendant's statements to OFAC, the indictment alleges that the defendant submitted documents, claiming that they provided "a complete picture" of his "financial holdings" and "an unimpeded, objective view into [his] life and business," when, in fact, the defendant was concealing facts regarding his business dealings. *Id.* ¶ 27.  The indictment also alleges that the defendant misrepresented to OFAC that he was taking certain remedial steps, such as divesting from entities affiliated with his brothers, who were also SDGTs, when, in fact, he was not. *Id* ¶ 28.

The counts charging the defendant with substantive violations of IEEPA are based on specific, unlawful transactions that occurred during the Count One conspiracy, and are of the same nature as the transactions identified in the list of overt acts. Indictment ¶ 42-43.  Likewise, the money laundering count is based on activity by the defendant and others to facilitate these same transactions and to conceal the defendant's illegal activity.  Indictment ¶ 44-55.

### Relevant Legal Authority

Federal Rule of Criminal Procedure 8(a) allows for joinder of multiple offenses against a single defendant if the offenses are: (a) of the same or similar character; (b) based on the same act or transaction; or (c) connected with or constituting parts of a common scheme or plan.  Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986).  Rule 8 "governs only the

initial joinder of counts," and "the only issue under Rule 8 is whether joinder [is] proper at the beginning of trial. *United States v. Carson*, 455 F.3d 336, 372 (D.C. Cir. 2006). "The government need only allege the facts necessary to sustain joinder, not prove them." *Id.* at 372 n.32.

Rule 14 governs severance of counts and defendants, and, under Rule 14(a), "[i]f the joinder of offenses . . . in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." The party seeking severance bears the burden of demonstrating the need for separate trials. *United States v. Disla*, 805 F.2d 1340, 1353 (9th Cir. 1986). To do so, he must show that a joint trial will substantially prejudice him. *United States v. Spitler*, 800 F.2d 1267, 1271-1272 (4th Cir. 1986). Indeed, severance is proper "'only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" *Gooch*, 665 F.3d at 1336 (D.C. Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro*, 506 U.S. at 538-39. Additionally, if there is a risk of prejudice, it can be minimized with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g., Zafiro,* 506 U.S. at 540 (citing *Richardson v. Marsh,* 480 U.S. 200, 209 (1987).

## ARGUMENT

I.     **The charges are properly joined, and the evidence proving the *Klein* conspiracy overlaps entirely with evidence of other charged violations.**

Although the defendant does not contest joinder, the government submits that the charges in the indictment are properly joined, because they "are of the same or similar character," "are based on the same act[s] or transaction[s]," and "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). All of the charges in the indictment relate to the

8

defendant's overarching effort—that is, a "common scheme or plan"—to evade OFAC sanctions following his OFAC designation and to profit from his crimes.  Consistent with the indictment, the evidence at trial will show how the defendant took steps in his business dealings, his communications with OFAC, and in other ways, to advance this effort. Moreover, every aspect of this evidence is relevant to all charges, including the *Klein* conspiracy, which is charged alongside the conspiracy to violate IEEPA in Count One for the simple reason that those allegations are so closely connected.  For these reasons, which are obvious on the face of the indictment, joinder is proper.  *See Carson*, 455 F.3d at 372.

Arguing for severance, the defendant erroneously characterizes the scope of the *Klein* conspiracy as limited to the defendant's interactions with OFAC regarding his delisting petitions, and he asserts that this "course of conduct" is "entirely distinct" from the conduct underlying the other charges.  Mot. 1.  On this basis, he claims that "[t]here will be virtually no overlap in the evidence that the government uses to establish these two courses of conduct in its case-in-chief, and thus a "joint trial" on all counts "would conserve only negligible judicial resources." Mot. 1-2; *see also id.* at 5 (claiming that "the gains in judicial economy from a joint trial would be negligible").

Contrary to the premise advanced by the defendant, the charged *Klein* conspiracy is an effort "to defraud the United States Government by interfering with and obstructing a lawful government function, that is, the enforcement of laws and regulations prohibiting dealing with SDGTs or in blocked property without having first obtained the required licenses from OFAC, by deceit, craft, trickery, and dishonest means." Indictment, ¶ 17(b).  The defendant ignores this plain language, which clearly sweeps more broadly than the defendant's narrow characterization. Moreover, the defendant ignores nearly all of the other portions of Count One—that is, the objects

of the conspiracy charged in that count (¶ 19), the manner and means (¶ 20-23), and the long list

of overt acts, including, in addition to the defendant's correspondence with OFAC, acts related to

a number of transactions with U.S. companies and other contacts by the defendant or co-

conspirators with U.S. persons (¶¶ 25-41).  Just as these paragraphs of Count One are relevant to

the conspiracy to violate IEEPA and IEEPA, they are equally relevant to the *Klein* conspiracy.

> [O]ne way, *inter alia*, in which the conspiracy pursued its objective to interfere with OFAC's lawful functions of enforcing laws and regulations prohibiting U.S. persons from doing business with SDGTs and blocked property without a license from OFAC is to submit fraudulent representations to OFAC during the Defendant's delisting efforts. However, as detailed in Count One's manner and means section, yet another way for the conspiracy to pursue its objective to defraud the United States is "[take] steps to conceal [the Defendant's] ownership of, and association with, Epsilon and ICTC," to continue to conduct commercial transactions with U.S. persons using Epsilon and ICTC. Indictment paras. 23-24 and 26 ("in furtherance of said conspiracy, and to effect the illegal objects thereof, the defendants, Kassim Tajideen and Imad Hassoun, and others known and unknown to the Grand Jury, committed or caused to be committed the following overt acts, among others, in the District of Columbia and elsewhere") and 30 – 38 (listing a number of transactions between the Defendant and U.S. persons in furtherance of the conspiracy to defraud the United States).

*Id.* at 15-16.

The defendant's fundamental misunderstanding of the scope of the charged *Klein*

conspiracy—notwithstanding the government's representations to the contrary—is perhaps the

only excuse for the defendant's claim that "[t]here will be virtually no overlap in the evidence" at

a joint trial.  Mot. 1-2.  Indeed, the evidence supporting each individual count (or portion thereof)

is probative and admissible as to every other count and charge, insofar as the evidence

demonstrates, among other things, the defendant's motive, knowledge, willfulness, and intent.  In

particular, the defendant's communications with OFAC—which the defendant suggests are

relevant *only* to the *Klein* conspiracy (as he views it)—are relevant to the other charges for these

reasons, in addition to their relevance in showing the defendant's connections to certain entities

or individuals and his efforts to conceal his crimes.

10

## II.     The defendant's purported prejudice, upon which his severance claim is based, is entirely illusory and unsupported.

The defendant claims that a trial involving the alleged *Klein* conspiracy—at least in his narrow view of that allegation—will inevitably include evidence linking the defendant to terrorism, and that such evidence will prejudice him in his attempt to defend against the other charges.  Mot. 3.  However, as previously maintained, the government does not intend to introduce such evidence, nor do the elements of the charged offenses require such evidence.  In this regard, the defendant's claims appear to reflect an effort, in essence, to manufacture prejudice that does not exist.

As an initial matter, the defendant notes that "[t]he government has repeatedly insisted that its case-in-chief related to the transaction counts will not implicate terrorism in any way, and the Court appears to have accepted the government's position in its rulings on [the defendant's] discovery motions," but that "the conspiracy to defraud is another matter."  Mot. 2-3.  To be clear, it is the government's expectation—*as to all charges in the indictment*—that the government will not present evidence in its case-in-chief linking the defendant to terrorism.

Nonetheless, the defendant asserts that, to prove the *Klein* conspiracy: "the government will need to prove that [the] defendant intended to obstruct a lawful government function *by deceiving OFAC into mistakenly delisting him as [an SDGT]*"; the government's case "necessarily entails proof of OFAC's SDGT designation, the publicly declared *basis for the designation*, and any *communications* with [the defendant] . . . that explained *the agency's interests or position*"; and "[t]he government will need to introduce the fact that OFAC believed [the defendant] *had supported terrorism* . . . and explain that [the defendant] was attempting to persuade OFAC that its belief was incorrect." Mot. 3 (emphasis added).  Apart from the government's need to establish that the defendant was designated by OFAC and subject to its sanctions, there is simply nothing in

the law or the facts of this case that supports these assertions.

As to the law, under the relevant conspiracy statute, "[i]f two or more persons conspire either to commit any offense against the United States, or *to defraud the United States, or any agency thereof in any manner or for any purpose*, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 371 (emphasis added).  The specific elements of a *Klein* conspiracy that the government must prove beyond a reasonable doubt are: (1) the defendant entered into an agreement, (2) to obstruct a lawful function of OFAC, (3) by deceitful or dishonest means, and (3) at least one overt act was committed in furtherance of the conspiracy.  *See, e.g.*, *United States v. Coplan*, 703 F.3d 46, 61-62 (2d Cir. 2012); *see also* Opposition to Motion to Dismiss Count 1 for Failure to State a Conspiracy to Defraud the United States of Money or Property, ECF No. 92, (explaining the elements of a *Klein* conspiracy and citing additional authority).  The defendant's suggestion that the government, in this case, faces some additional, specific burdens of proof above-and-beyond a *Klein* conspiracy, is wrong. There is simply no need for the government seek to introduce terrorism-related evidence establishing defendant's agreement to obstruct or interfere with OFAC's function.

As to the facts alleged in the indictment, the defendant, echoing his mischaracterization of the scope of the *Klein* conspiracy, summarily asserts that "the documents that [the defendant] submitted to OFAC" are "central to the government's case on the conspiracy to defraud." Mot. 3. The defendant then concludes, without explanation, that such documents would be "meaningless" at trial without the "context" that the defendant "was seeking to disabuse the government of the notion that he supported terrorism."   Thus, axiomatically, according to the defendant, the issue of terrorism would necessarily arise at trial. Mot. 3-4.   This conclusion ignores the government's unambiguous statements to the contrary, [7]  Any evidence related to terrorism is neither "central"

---

[7] The government reaffrims that it intends only to offer into evidence select, relevant portions of the defendant's

nor necessary to establish any of the crimes alleged in the indictment.

### III.   The defendant's claim that he may wish to introduce evidence related to terrorism is non-specific, unsubstantiated, and not a basis for severance.

There is likewise no merit to the defendant's vague and cursory claim that severance is necessary given that, in defending against the *Klein* conspiracy (as he views it), the defendant *might* wish to introduce terrorism-related evidence—presumably, although not proffered, through his testimony—and that he is therefore entitled to severance of the *Klein* conspiracy.  Mot. 4.  With this argument, the overarching prejudice of "terrorism" once decried by the defendant is now blithely embraced, without any showing of necessity or specificity of a cognizable defense.  This argument is meritless.

Where a defendant seeks severance because he wishes to testify as to one count but not another, he must show 'that he [has] both important testimony to give concerning one count and strong need to refrain from testifying on the other.'"  *United States v. Forrest*, 623 F.2d 1107, 1115 (5th Cir. 1980); *see also Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968) (similar).  The only testimony that the defendant indicates he would present in a severed trial on the *Klein* conspiracy is that, in seeking delisting, "he approached OFAC in a sincere effort to disabuse that agency of its misguided view that he supported terrorism."  Mot. 4.  As noted above, it is certainly not clear that references to terrorism would be necessary to provide this context to the defendant's submissions to OFAC.[8]  More significantly, the defendant utterly fails to demonstrate that he has a need to present such evidence as to some counts but not others.  This failure in the defendant's argument is rooted in the defendant's mischaracterization of the scope of the *Klein* conspiracy—that is, his position that the conspiracy is somehow limited to the defendant's correspondence with OFAC.  Given the actual scope of the *Klein*

---

submissions to OFAC, none of which will include any references to Hizballah or any other terrorist-related entity,

[8] For example, the defendant could mount a substantially similar defense that he had been accused of being involved in international crime or other wrongdoing, without mentioning the term "terrorism."

conspiracy, as described above, and given that the evidence supporting that charge is also relevant to all other charges, there is no logic to the notion that the defendant could or would present a defense to the *Klein* conspiracy that is, as he suggests, somehow distinct from his defense to other charges.

To be sure, there is no apparent barrier to the defendant presenting the terrorism-related evidence to which he vaguely alludes. But there is likewise no reason to conclude that a severance of charges is mandated in this case simply because the defendant would elect to do so. Without a substantiated showing of why the terrorism-related evidence or testimony is essential to the defendant's defense on one count, but not others, the defendant's argument fails. This failure is particularly evident when contrasted with the only legal precedent upon which the defendant relies. *See Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964) (In a joint trial regarding separate robberies, the defendant's defense to one count conflicted with his defense to another, and he was prejudiced where one defense opened the door to significantly prejudicial cross-examination regarding his "generally tawdry way of life and his prior convictions," justifying severance). Accordingly, the defendant's argument for severance based on a defense that is purportedly unique to the *Klein* conspiracy fails entirely. *Forrest*, 623 F.2d at 1115 ("Appellant's bare allegation that he wanted to testify with respect to one count but not with respect to the other gave the trial judge no factual basis on which to evaluate possible prejudice.")

### IV.    There is no reason to sever Count One, and judicial economy counsels that the indictment remain intact.

The defendant's alternative request that the Court sever Count One entirely is meritless. The defendant notes that it is "atypical for courts to sever two component alleged crimes the government has charged in a single conspiracy count," and he cites no example of such severance. Mot 5-6. Assuming *arguendo* that such severance is legally permissible, however, the defendant has failed to demonstrate a basis for severance of the *Klein* conspiracy. For all the same reasons, there is no basis for severing Count One in its entirety.

While the defendant's arguments in favor of severance fail, judicial economy counsels in favor of keeping the indictment intact. As explained above, the evidence referenced in the indictment regarding the defendant's correspondence with OFAC is relevant to all of the charges against the defendant, and severance of the *Klein* conspiracy, or Count One in its entirety, would not eliminate the relevance of that evidence to the other counts. Even if the Court were to sever the *Klein* conspiracy—or any charge, for that matter—the trials would be duplicative as the evidence would be introduced by the government in both cases.

## CONCLUSION

For all of the foregoing reasons, this Court should deny defendant's motion to sever.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845


By:      /S/
         Luke M. Jones, VA Bar #75053
         Thomas A. Gillice, D.C. Bar #452336
         Maia Luckner Miller, VA Bar #73221
         Karen P. Seifert, NY Bar #4742342
         Assistant United States Attorneys
         Jacqueline L. Barkett, NY Bar #5424916
         Special Assistant United States Attorney
         National Security Section
         United States Attorney's Office
         555 4th Street NW, 11th Floor
         Washington, D.C.  20530
         (202) 252-1791
         luke.jones@usdoj.gov
         thomas.gillice@usdoj.gov
         maia.miller@usdoj.gov
         karen.seifert@usdoj.gov
         jacqueline.l.barkett@usdoj.gov


         And

         DEBORAH CONNOR
         ACTING CHIEF

By:      /S/
         Joseph Palazzo, MA Bar #669666
         Trial Attorney
         Money Laundering and Asset Recovery
           Section, Criminal Division
         United States Department of Justice
         1400 New York Avenue NW, 10th Floor
         Washington, D.C.  20005
         (202) 514-1263
         joseph.palazzo@usdoj.gov

Dated: June 1, 2018